# EXHIBIT C

Letter from Plaintiffs counsel, dated 9/24/20

# EXHIBIT C

KAREN A. PETERSON
JAMES R. CAVILIA
CHRIS MACKENZIE
RYAN D. RUSSELL
JOEL W. LOCKE
JUSTIN TOWNSEND
KYLE A. WINTER

JENNIFER MCMENOMY
DANIEL S. JUDD
CHELSEA D. BIBB

## ALLISON MACKENZIE

ATTORNEYS & COUNSELORS AT LAW

GEORGE V. ALLISON
JOAN C. WRIGHT
PATRICK V. FAGAN
CHARLES P. COCKERILL
MIKE PAVLAKIS
OF COUNSEL

ANDREW MACKENZIE
(1941-2018)
MIKE SOUMBENIOTIS
(1932-1997)

September 24, 2020

***VIA HAND DELIVERY***

The Honorable Aaron Ford
Attorney General of Nevada
100 North Carson Street
Carson City, NV  89701-4717

      Re:   **Demand for Preservation of Evidence**
              *LWFRS Takings and breach of contract*

Dear Attorney General Ford and State of Nevada, on Relation of Nevada State Engineer's Office:

     This firm represents Vidler Water Company, Inc. ("Vidler") and Dylan Frehner, Lincoln County District Attorney, represents Lincoln County Water District ("Lincoln"). This letter formally provides notice that Vidler and Lincoln are investigating claims against the State for actions taken by the Nevada State Engineer. We understand that you or your office represents the State of Nevada, Department of Conservation and Natural Resources, the Division of Water Resources, and the Nevada State Engineer.

     Specifically, the State Engineer has taken Vidler and Lincoln's property without just compensation as required under the Fifth and Fourteenth Amendments of the United States Constitution and under Article 1, Section 8(3) of the Nevada Constitution when the State Engineer included Kane Springs in the Lower White River Flow System ("LWRFS"), and stripped Vidler and Lincoln of their property rights, prohibiting Vidler and Lincoln from utilizing their senior priority rights under permits to appropriate 1,000 acre feet of groundwater per year in the Kane Springs Hydrographic Basin. The State Engineer also breached the Kane Springs Settlement Agreement between Vidler, Lincoln and the State Engineer by failing to review Vidler and Lincoln's pending applications to appropriate groundwater in Kane Springs pursuant to the required procedures and methodologies as agreed.

     Because you are now aware of the claims and disputes between your clients and Vidler and Lincoln (this "Matter"), this letter is to remind you and your clients of the affirmative duty to preserve information relating to this Matter, including electronically stored information. Your duty extends to all officers, employees, and agents of the State of Nevada, including the Department of Conservation and Natural Resources, the Division of Water Resources, and the State Engineer's office who have discoverable information. This duty extends to all employees, contractors, agents, third-party vendors, and other entities within your control who have discoverable information.

Attorney General Aaron Ford
State of Nevada
September 24, 2020
Page 2

      The Nevada rules governing discovery set forth procedures for preservation and discovery of information that is relevant to an action. Relevant information means any evidence, document, or record in any form, including paper, electronically stored information ("ESI"), or other intangible objects, that relate to the allegations in this matter. This includes, but is not limited to, written materials and ESI, including emails, text messages, direct messages within apps (such as Slack), transcripts, recordings or logs of video conferences/chats (such as Zoom or Microsoft Teams) and messages within social media sites. This includes but is not limited to information stored or maintained on computer networks, computer stations, laptops, mobile devices, tapes, and cloud storage providers. Likewise, this includes physical evidence that is potentially relevant to the claims in this Matter.

      Please be advised that you have an affirmative obligation to take all necessary and appropriate steps to preserve relevant evidence and information and prevent spoliation of any and all potentially relevant evidence or information in your or your clients' possession, custody, or control relevant to this Matter. "Possession, custody, or control" includes documents and ESI that you or your clients have the legal right to obtain, such as information and records made or kept by cloud service providers, software providers, or third-party email clients with which you have contracted.

      Based on our review of the initial facts of this matter, the following non-exclusive list of subjects are potentially relevant to the Matter (the "Potentially Relevant Subjects"):

1. The LWRFS Basins, including but not limited to Orders 1169, 1303 and 1309 and all studies, submittals, correspondence, emails, text messages, analysis, notes and other information relating to the LWRFS Basins and these Orders;

2. The amount of groundwater available for appropriation in the LWRFS groundwater basins;

3. Kane Springs Hydrographic Basin including but not limited to Ruling 5712 and all other Rulings relating to Kane Springs and all studies, submittals, correspondence, emails, text messages, analysis, notes and other information relating to the Kane Springs Basin;

4. Vidler's and Lincoln's applications to appropriate groundwater in Kane Springs;

5. Vidler's and Lincoln's permits to appropriate water in Kane Springs;

6. Vidler's 2010 settlement agreement with the State Engineer regarding Vidler's pending groundwater applications in Kane Springs ("Kane Springs Settlement Agreement");

7. Vidler's 2010 settlement agreement with the State Engineer regarding Vidler's pending groundwater permits and applications in Tule Desert Hydrographic Basin ("Tule Desert Settlement Agreement");

8. Actions pursuant to the Kane Springs Settlement Agreement;

Attorney General Aaron Ford
State of Nevada
September 24, 2020
Page 3

9. Matters before the State Engineer regarding Kane Springs;

10. Communications with any person or entity including Southern Nevada Water Authority, Las Vegas Valley Water District, Moapa Valley Water District, Muddy Springs Irrigation Company, Center for Biological Diversity, any agency of the United States including but not limited to the Bureau of Land Management, the Fish and Wildlife Service, the National Park Service, and the US Geological Survey, regarding the appropriation of water in Kane Springs, the project to transport water from Kane Springs to the Coyote Springs Investment project, or any matters pending before the State Engineer relating to Kane Springs or the LWRFS Basins;

The following is a non-exclusive list of categories of documents or sources of information that may mention, pertain to, or discuss Potentially Relevant Subjects:

1. Emails, Text Messages, or any other communication on any work or personal device or account from or to you or your clients, from or to any other person or entity;

2. Any documents or ESI created or kept;

3. All computers, smartphones, tablets, servers, hard drives, network drives or other devices, whether a personal or work device, including any hard drives, USB drives, and other storage devices or services, used by you or your clients to store information or communicate;

4. Any and all information stored on the "Cloud" (*i.e.* electronic information stored on a third-party's server or system that you or your clients are able to access, such as a Dropbox account);

5. Any documents, ESI or office information.

**Please be advised that this is a non-exclusive request of documents and ESI that we believe are potentially relevant to this Matter at this early stage, but there may be additional documents that must be preserved. You and your clients are obligated to preserve any and all potentially relevant information, whether or not the specific document or information is the subject of this letter.**

Electronic documents and storage media on which they reside contain relevant, discoverable information beyond what may be found in printed documents. Therefore, even where a paper copy exists, all documents in their native electronic form along with metadata or information about those documents contained on the media must be preserved. Paper printouts of those documents that contain unique information created after they were printed, along with any paper documents for which no corresponding electronic files exist, must also be preserved.

The laws and rules prohibiting destruction of evidence apply to ESI in the same manner that they apply to other evidence. Due to its format, electronic information is easily deleted,

Attorney General Aaron Ford
State of Nevada
September 24, 2020
Page 4

modified, or corrupted. Thus, you and your clients must immediately suspend any programs that may automatically delete ESI and take all other reasonably necessary precautions to ensure that potentially relevant electronically stored information is preserved until a final resolution in this matter.

Until further notice, please maintain any and all documents and objects related to the issues raised in the matter. Please instruct any of your clients and their agents, employees, attorneys, or representatives to not alter, destroy, discard, modify, annotate, remove, or rearrange any documents, records, or other potentially relevant information related to the issues raised in the Matter.

This letter does not purport to itemize all of the information that must be retained. Any and all potentially relevant information must be preserved. Failure to comply with these preservation obligations may result in severe sanctions imposed by a court against you or your clients, including monetary penalties, the imposition of adverse inference instructions at trial, or even dismissal of certain legal claims or defenses.

If you have any questions regarding these issues, please contact us. Likewise, if you believe that there is any other person to whom this notice should be directed, please let us know.

Sincerely,

LINCOLN COUNTY DISTRICT ATTORNEY

By: _____
DYLAN V. FREHNER, ESQ.

ALLISON MacKENZIE, LTD.

By: _____
KAREN A. PETERSON, ESQ.

KAP/sc

cc: Lincoln County Water District (via email)
    Vidler Water Company, Inc. (via email)