UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LINCOLN COUNTY WATER DISTRICT, a political subdivision of the State of Nevada, and VIDLER WATER COMPANY, INC., a Nevada corporation,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF NEVADA, DEPARTMENT OF CONSERVATION AND NATURAL RESOURCES, DIVISION OF WATER RESOURCES, AND NEVADA STATE ENGINEER, and ADAM SULLIVAN, ACTING STATE ENGINEER,<br><br>Defendants. | Case No. 2:20-cv-01891-RFB-EJY<br><br>ORDER |

On December 16, 2022, Defendants filed their Emergency Motion for Protective Order to Limit Scope of Inquiry at Depositions of Current and Former State Officers and Employees. ECF No. 110. The Emergency Motion requested a decision be issued before January 3, 2023. Defendants claimed the deliberative process privilege and judicial immunity issues limit the inquiries Plaintiffs could make at the upcoming depositions set for January 10 through 13, 2023, and that the state court recently ruled on a similar matter prompting the State Engineer's recent Motion for Leave to Supplement the Joint Report of Discovery Issues for Resolution Pursuant to [the] November 7, 2022 Court Order.

On December 16, 2022, the Court issued a Minute Order denying the emergency, setting a briefing schedule, and staying the depositions because it was not possible for the Court to obtain a Response and Reply related to the Emergency Motion and issue a decision before January 3, 2022. ECF No. 112. The Court receives submissions every day in cases other than the instant matter. There are other parties with emergent issues, as well as matters that are non-emergent handled as they become ripe so as to ensure all those who appear in federal court are treated fairly. A submission on December 16, seeking a decision by January 3, that does not involve something truly emergent

1

(e.g. the sale of a property, the transfer of assets, the rights of an incarcerated individual) simply does not take precedence over all else before the Court.

Nevertheless, and despite being given until January 5, 2023 to do so, Plaintiffs submitted a Response to Defendants' Emergency Motion on December 21, 2022.  In their Response, Plaintiffs complain the Court did not give it a chance to respond to Defendants' Motion (untrue as a briefing schedule was entered), and argue there are several additional recent submissions by the parties (e.g. ECF No. 109 submitted on December 13, 2022) the Court had not yet reviewed demonstrating Defendants' Emergency Motion is meritless.  Plaintiffs argue "that the State has waived and withdrawn most of its objection[s] to discovery based on the deliberative process privilege, and all of its objection[s] to discovery based on judicial immunity."  ECF No. 113 at 2.  Plaintiffs contend the State seeks a discovery order from this Court that mirrors an order entered in Nevada State Court, and that Defendants waived three of five objections to deposition topics.  *Id*.  Plaintiffs ask the Court to rescind its briefing schedule and stay of depositions because Defendants did not ask for a stay of the depositions and the Court entered the stay without giving Plaintiffs an opportunity to respond.  *Id*.  Plaintiffs argue the Court can "immediately order the State to produce all documents withheld on the basis of judicial immunity and order the State to produce all documents that contain information or have any discussion of … [t]he role that any particular State officer or employee had in the process that led to the issuance of the relevant State Engineer decision; [t]he evidence reviewed in issuing the relevant decisions; and, [t]he legal or factual bases or arguments that were considered and rejected in issuing the relevant decisions."  *Id*. at 3 (internal quote marks omitted).

The Court is perplexed.  A mere five days before Plaintiffs' Response, Defendants filed an Emergency Motion seeking protection from deposition questions that would, at least allegedly, invade the deliberative process privilege and or violate judicial immunity.  Plaintiffs contend Defendants have almost, if not entirely, waived these objections.  Only one of these things is likely true or even mostly true.

Further, even now, having received Plaintiffs' Response to Defendants' Emergency Motion, Defendants' Reply brief, whether ordered to be submitted as early as December 27, 2022, does not leave the Court sufficient time to review everything presented (including, for example, the more than

100 page exhibit to Plaintiffs' Response at ECF No. 113-1). Plaintiffs' Response argues prejudice claiming "the parties worked collaboratively to coordinate a deposition plan that mitigated scheduling impacts and travel costs for all involved" and Defendants "waited until the 11th hour" to bring their Emergency Motion. ECF No. 113 at 3. Plaintiffs contend that despite the State Court's Order issued on December 12, 2022, Defendants knew of the "scope of deposition questioning because the [S]tate [C]ourt … ruled on the State Engineer's parallel Motion for Protective Order in open court on November 28, 2022 …." *Id*.

Courts have wide discretion in controlling discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). This includes discretion to issue orders pertaining to deposition discovery. *See, e.g.*, *Cardinali v. Plusfour, Inc.*, Case No. 2:16-cv-02046-JAD-NJK, 2019 WL 12435670, at *2 (D. Nev. Mar. 29, 2019); *Elder-Evans v. Casey*, Case No. C 09-5775 SBA (NJV), 2011 WL 13244748, at *2 (N.D. Cal. July 6, 2011). "A magistrate judge has ample discretion to manage his or her docket and control the schedule of briefing in pending matters." *Alve v. Montgomery*, Case No. 14-cv-575-BEN (JLB), 2014 WL 3950665, at *2 (S.D. Cal. Aug. 11. 2014). The prejudice identified by Plaintiffs is one of delay and the repeat investment of time required to reschedule depositions. These concerns are not without merit; however, this prejudice is not sufficient to demonstrate the discretion exercised by the Court on December 16, 2022, when setting a briefing schedule and temporarily staying the depositions set for early January, was an abuse of that discretion.

The issues presented in this case, and that are the subject matter of discovery, are important—even weighty. The Court must ensure it has sufficient time to consider all of the evidence, arguments, and law presented by the parties before making a decision. The amount of time available for the Court to do so before January 10, the date the first deposition is to occur, is not sufficient to allow for the careful and thorough inquiry all parties deserve.

Accordingly, the briefing schedule previously adopted by the Court in ECF No. 112, providing Plaintiffs through January 5, 2023 to file a Response to Defendants' Emergency Motion, remains in effect. Plaintiffs are granted the opportunity to supplement their current response so long as they do so and file the same no later than the January 5th date originally provided. Defendants' reply in support of the Emergency Motion must be filed no later than January 12, 2023. The

depositions scheduled for January 10 through 13 are stayed until such time as the Court issues its Order on the Emergency Motion for Protective Order.

Dated this 21st day of December, 2022

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE